UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STARLENE G. TAYLOR,

Plaintiff,

v.                                                            CAUSE NO. 3:25-CV-659-PPS-AZ

LOT, et al.,

Defendants.

OPINION AND ORDER

Starlene G. Taylor, a/k/a Gregory A. Taylor, a prisoner without a lawyer, filed a

*pro se* complaint against several correctional officials at Indiana State Prison. ECF 2. "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.

Taylor alleges that on October 22, 2024, the defendants, Lieutenant Stone,

Lieutenant Lot, Sergeant Williams, and Officer Hatfield, beat and raped her until she

stopped breathing and suffered a heart attack.  She further alleges that she was

transported to an outside hospital. According to the complaint, the defendants made

her shower to wash away any evidence and told medical personnel that Taylor had

overdosed on drugs to cover up the incident. Taylor also alleges that she received a false misconduct report, which was subsequently dismissed after she requested the relevant camera footage.

The Eighth Amendment prohibits cruel and unusual punishment, including the use of excessive force against convicted prisoners. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* (citation omitted). Taylor's allegations do not specify the precise role each defendant played in the attack, but "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).

Construed liberally, the complaint states a plausible Eighth Amendment excessive-force claim against all four defendants. Sexual assault is recognized as a form of excessive force under the Eight Amendment. *See Washington v. Hively*, 695 F.3d 641, 642-43 (7th Cir. 2012). Taylor can therefore proceed against Lieutenant Stone, Lieutenant Lot, Sergeant Williams, and Officer Hatfield on an Eighth Amendment excessive force claim.

For these reasons, the court:

(1) GRANTS Starlene G. Taylor leave to proceed against Lieutenant Stone, Lieutenant Lot, Sergeant Williams, and Officer Hatfield in their individual capacities for compensatory and punitive damages for using excessive force or failing to intervene in the use of excessive force on or around October 22, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Stone, Lieutenant Lot, Sergeant Williams, and Officer Hatfield at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Stone, Lieutenant Lot, Sergeant Williams, and Officer Hatfield to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 3, 2026.

3

_/s/ Philip P. Simon_
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT